Ransom, S.
—This is an application by the Rev. D. J. McMahon, sole executor, trustee and residuary legatee named in the will of deceased. The motion is made by the said executor for the decision of the surrogate in respect of an alleged liability on his part as such executor to pay the collateral inheritance tax provided for in chapter 483, Laws of 1885, which act was amended by chapter 713, Laws of 1887.
*728 The provisions of the acts of 1885 and 1887 affecting the question here are substantially similar. Under the provisions of either of these acts, 1 have no jurisdiction to entertain this motion.
The statute provides the method of bringing to my official attention and obtaining from me a decision of the question which the moving party here- desires decided as follows: “Whenever the treasurer or comptroller of any county shall have reason to believe that any tax is due and unpaid under this act, after the refusal or neglect of the persons interested in the property liable to said tax to pay the same, he shall notify the district attorney of the proper county in writing of such failure to pay such tax, and the district attorney so notified shall prosecute the proceedings in a surrogate’s court in the proper county, as provided in section 16, of this act for the enforcement and collection of such tax. * * *
The executor, himself, has no right, under any of the provisions of the act above mentioned, to institute proceedings for the determination of the question of his liability, nor have I any jurisdiction to entertain such a motion under the provisions of the statutes making it my duty, in proper cases, to direct and control the conduct of executors. See section 17; act of 1885; same section, act of 1887; and section 2472 of the Code Civ. Pro., subd. 3.
The surrogate has power, upon the application of an executor, to authorize him to compromise and settle a claim due the estate; but he has no power to authorize an executor to compromise and settle a claim against the estate. Redfield Surr. Pr. (3d ed.), 446.
It is, no doubt, important for the executor to be instructed in regard to his liability for the payment of the tax claimed upon this estate; hut he cannot reverse the order of proceedings provided for by the statute, and anticipate the action of ' the district attorney. For non constat, the district attorney lias not been notified, in writing, by the comptroller, of the failure to pay the tax; or, if he has, he believes there is no probable cause that such tax is due and unpaid.
However, if this question were properly before me, assuming the facts set forth in the affidavit of the moving party to be true, as I have no doubt they are, it would seem that, although the will of the deceased bequeathed all her property to the executor individually, and, to use his own words, in his letter to the comptroller, November 10, 1887, “ in fee simple by the terms thereof,” there was, nevertheless, an enforceable verbal agreement entered into between her and the executor at the time of the execution of the will. It has been held in a recent case, Matter of Will of O'Hara (95 N. Y., 413), restating and affirming the law as it has existed for ever, that “where a testatrix; in her letter of instructions, had named some certain and definite benefi *729 ciary, capable of taking the provision intended, the letter would fa jn upon the legatee a trust for such beneficiary, and enforce it, if needed, on the ground of fraud. Equity acts in such case, not because of a trust declared by the testator, but because of the fraud of the legatee. For him not to carry out the promise by which alone he procured the devise and bequest, is to prepetrate a fraud upon the. devisor which equity will not endure.”
Upon the facts stated in the affidavit of the executor, a valid trust was created by the testatrix de hors the will, in favor of her brother. 2 Story, Ed., § 972; 18 Ves., 140; 1 Hare, 469: 1 Keen, 553; 1 Wend., 625; Tracy v. Tracy, 3 Brad., 57; Day v. Roth, 18 N. Y., 448.
Such a trust is within the exemptions of the statute which provides for the payment of taxes upon gifts, legacies and collateral inheritances; and the executor would, therefore, not be liable for the tax.
Motion denied.